Page 1 of 6

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-

**RICHARD BAREFOOT**

Case Number: **6:90-CR-133-ORL-19DAB**

USM Number: 02271-033

Clarence W. Counts, Jr., FPD

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Probation or Supervised Release

The defendant admitted guilt to violation charge numbers Seven and Eight of the term of supervision. The defendant is adjudicated guilty of these violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| Seven | Failure to submit written monthly reports | May 5, 2007 |
| Eight | Failure to notify three days prior to any change in residence | May 6, 2007 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**Violation charge numbers One, Two, Three, Four, Five and Six are dismissed on the motion of the United States.**

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

7/10/2008

PATRICIA C. FAWSETT
CHIEF UNITED STATES DISTRICT JUDGE

July _11_, 2008

AO 245B (Rev. 6/05) Judgment in a Criminal Case

RICHARD BAREFOOT                                                                                      Page 2 of 6
6:90-CR-133-ORL-19DAB

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **14 Months**.     The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                                        _____
                                                        UNITED STATES MARSHAL

                                                        By:_____
                                                           Deputy U.S. Marshal

AO 245B (Rev. 6/05) Judgment in a Criminal Case

RICHARD BAREFOOT   Page 3 of 6
6:90-CR-133-ORL-19DAB

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years**. The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

**The mandatory drug testing requirement of the Violent Crime Control Act are waived. However, the Court authorizes the probation officer to conduct random drug testing not to exceed 104 tests per year.**

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

AO 245B (Rev. 6/05) Judgment in a Criminal Case

RICHARD BAREFOOT  
6:90-CR-133-ORL-19DAB

Page 4 of 6

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant **shall cooperate in the collection of DNA**, as directed by the Probation Officer.

AO 245B (Rev. 6/05) Judgment in a Criminal Case

RICHARD BAREFOOT  
6:90-CR-133-ORL-19DAB

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| -0- | -0- | $40,500.00 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. **Restitution is payable to the Clerk, U.S. District Court for disbursement to the victims.**

| Names of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| 1. Sun Bank Master Card | $40,500.00 | $40,500.00 | |
| 2. Sun Bank | | | |
| 3. Bank of New York, Financial Data Services | | | |
| 4. Barnett Banks, Inc. | | | |
| 5. First Union National Bank | | | |
| 6. North Carolina National Bank of Florida | | | |
| 7. Barnett Technologies, Inc. | | | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the **RESTITUTION** shall be due as follows:

The defendant shall pay restitution in the amount of **$40,500.00** to the victims.

> **While in the Bureau of Prisons custody**, the defendant shall either (1) pay at least **$25.00 quarterly** if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job.
>
> **Upon Release from Custody:** The defendant shall begin making payments of **$100.00 per month** while on supervised release, and this payment schedule shall continue unless the victims, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modified the schedule.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full prior to the United States receiving payment.

The Defendant is hereby ordered to begin payment immediately and continue to make payments to the best of the defendant's ability until this obligation is satisfied. While in custody the defendant is directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon the defendant's release from custody the defendant shall adhere to a payment schedule as determined by the Probation Office.

AO 245B (Rev. 6/05) Judgment in a Criminal Case

**RICHARD BAREFOOT**  
6:90-CR-133-ORL-19DAB

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 6/05) Judgment in a Criminal Case

## Richard Barefoot

### DOCKET NO: 6:90-CR-133-ORL-19

**Superseding Petition**  This case was considered by the Court on the Petition on Probation and Supervised Release (Doc. No. 53, filed June 5, 2008 ), Report and Recommendation of the United States Magistrate Judge (Doc. No. 55, filed June 6, 2008 ) and Order to Show Cause at Final Revocation Hearing (Doc. No. 56, filed June 13, 2008 ) at a hearing held July 10, 2008, attended by the Defendant, counsel for the Defendant, and counsel for the Government. The Report and Recommendation of the Magistrate Judge is ✓ adopted and approved or ~~rejected.~~

**Adjudication**  The Court finds that the defendant has violated the conditions of Supervised Release and adjudicates the defendant guilty of the following violations:

Guilty: Yes    or    No

| Yes | No  | # | Violation |
|-----|-----|---|-----------|
| ☐ | ☑ | 1) | New criminal conduct, Unlawful Access to a Computer in the First Degree, occurring on or about May 19, 2006, while on supervision in violation of the conditions of supervision: (Grade B Violation) |
| ☐ | ☑ | 2) | New criminal conduct, Fraudulent Use of a Credit Card, occurring on or about May 19, 2006, while on supervision in violation of the conditions of supervision: (Grade B Violation) |
| ☐ | ☑ | 3) | New criminal conduct, Theft of Mail Matter, occurring on or about May 19, 2006, while on supervision in violation of the conditions of supervision: (Grade B Violation) |
| ☐ | ☑ | 4) | New criminal conduct, Theft of Mail Matter, occurring on or February 10, 2007, while on supervision in violation of the conditions of supervision: (Grade B Violation) |
| ☐ | ☑ | 5) | New criminal conduct, Fraudulent Use of a Credit Card, occurring on or August 30, 2007, while on supervision in violation of the conditions of supervision: (Grade B Violation) |

|   |   |    |   |
|---|---|----|---|
| ☐ | ☑ | 6) | New criminal conduct, Identity Theft, occurring on or August 30, 2007, while on supervision in violation of the conditions of supervision: (Grade B Violation) |
| ☑ | ☐ | 7) | Failure to submit written monthly reports in violation of Condition Number Two of the Standard Conditions of Supervision (Grade C Violation) |
| ☑ | ☐ | 8) | Failure to notify three days prior to any change in residence in violation of Condition Number Six of the Standard Conditions of Supervision (Grade C Violation) |

**Application of Guidelines & Statutory Provisions**

The Court determines that the applicable guidelines are:

___C___ is the Highest Grade violation, and

___VI___ is the original Criminal History Category, which calls for

_8_ to _14_ months imprisonment, and

___2___ years is the Maximum Statutory penalty, and

___3___ years is the Maximum Statutory term of Supervised Release

**Objections**

Are there any objections to the court's findings?




Is there any reason why I should not proceed to sentencing?

2

## SENTENCE

The Court has asked the defendant and his attorney, and the attorney for the government, why judgment should not now be pronounced, and, after hearing their responses, the Court has found no cause to the contrary. The Court has reviewed the Petition for Revocation of Supervised Release, and the parties have made statements on their behalf or have waived the opportunity to do so.

**Adoption of Report and Recommendation**  The Report and Recommendation of the United States Magistrate Judge (Doc. No. _46_) is **ADOPTED AND APPROVED**, there being no objection filed.

**Superseding Petition Granted**  The Superseding Petition on Probation and Supervised Release (Doc. No. _43_, filed _May 30, 2008_) is **GRANTED** and the defendant's supervised release (filed September 23, ) is: _revoked_

**Revoked**  The Court therefore **ORDERS** that the defendant's Supervised Release is revoked and that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of _14_ ~~YEARS/~~MONTHS. In imposing this sentence, the Court has considered the factors set forth in 18 U.S.C. § 3553 (a) and the advisory guidelines. _on release from imprisonment shall_ _serve 2 years of supervised_

**Consecutive Federal/State**  The term(s) of imprisonment imposed by ~~this judgment~~ shall ~~run~~ consecutively with the defendant's term(s) of imprisonment ~~already imposed~~ or as yet to be imposed in any ~~future~~ sentence in Docket Number,   District of   /Circuit Court/County Court.

**Remand To Custody**  The defendant is hereby remanded to the custody of the United States Marshal to await designation by the Bureau of Prisons.

OR

**Voluntary Surrender**  The defendant may voluntarily surrender, at the defendant's own expense, at the

3

institution designated by the Bureau of Prisons on before Friday, _____.

If no designation is made by the Bureau of Prisons by _____, the defendant shall surrender to the Office of the United States Marshal on _____ to be taken into custody. While awaiting designation the defendant shall be released on bond and shall comply with all previously imposed standard conditions of supervision in addition to following condition:

The defendant is ordered to immediately proceed to the Office of the United States Marshal for processing and further instructions.

**Recommendation to Bureau of Prisons**

While in the custody of the U.S. Bureau of Prisons, it is requested but not required that the defendant be afforded the following opportunities:

**No New term of Supervised Release**   Upon service of the sentence herein, Defendant shall be discharged from further jurisdiction of the Court in this case. ~~[struck through]~~

OR

**New term of Supervised Release**   Upon release from imprisonment, the defendant shall serve a __2__ YEARS/~~MONTHS~~ term of Supervised Release. While on Supervised Release, the defendant shall comply with the standard conditions adopted by the Court in the Middle District of Florida. In addition, the defendant shall comply with the following special conditions:

OR

**Reinstated to Supervised Release**   The defendant is hereby reinstated to supervision. All previous special conditions remain intact. ~~[struck through]~~

The defendant is hereby reinstated to supervision. The original term of supervision shall be extended for a period of _____. All previously ordered special conditions remain intact. ~~[struck through]~~

The defendant is hereby reinstated to supervision. The terms of supervision are modified to include the following special conditions: ~~[struck through]~~

**SPECIAL CONDITIONS**

**Home Detention**   The defendant shall participate in the Home Detention program for a period of _____ days. During this time, the defendant will remain at his place of residence except for employment and other activities approved in advance by the Probation Office. The defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the ~~[struck through]~~

Probation Office. Further, the defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office based on your ability to pay.

**Drug Aftercare**   The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, the defendant is directed to submit to random drug testing.

**Mental Health**   The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

**RRC/CCC Confinement**   The defendant shall reside in a Residential Re-entry Center for a period of _____ days\months and shall observe the rules of that facility. The defendant shall be placed in the Community Confinement/Prerelease component of the program and shall obtain a physical examination at his own expense before entering the program.

**RRC/CSC Confinement**   The defendant shall reside in a Residential Re-entry Sanctions Center for a period of _____ days\months and shall observe the rules of that facility. While at the center, the defendant will abide by all rules and regulations of the center and will contribute towards the cost of room and board, as directed by the center staff.

**Financial**   The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself/herself for any major purchases without approval of the probation officer.

|  |  |
|---|---|
|  | The defendant shall provide the probation officer access to any requested financial information. |
| **Community Service** | The defendant shall perform ~~_____~~ $50 hours of community service. ✗ |
| **Employment Restriction** | The defendant shall refrain ~~from engaging in any employment related to ____~~ |
| **DNA Collection Policy** | The defendant, ~~having been convicted of a qualifying~~ offense, shall cooperate in the collection of DNA as directed by the probation officer. |
| **Waiver of Mandatory Drug Testing** | The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court authorizes random drug testing not to exceed 104 tests per year. |
| **Mandatory Drug Testing** | ~~The mandatory drug testing requirements of the Violent Crime Control Act are imposed. The Court authorizes random drug testing not to exceed 104 tests per year.~~ |
| **Restitution Monthly Payments** | The defendant shall pay restitution in the amount of $40,500 to the victims. The defendant shall begin making payments of $100 per month, and this payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule. |
|  | The defendant shall pay restitution in the amount of $40,500 to victims. While in Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his ~~or her~~ monthly earnings if the defendant has a Unicor job. Upon release from custody, the ~~defendant's financial circumstances will be evaluated, and the~~ Court may establish a new payment ~~schedule.~~ |
| **Factors Enumerated in** | In imposing this sentence, the Court has considered the factors set forth in 18 |

7

| | |
|---|---|
| **18 U.S.C. § 3553/Advisory Guidelines** | U.S.C. § 3553(a) and the advisory guidelines and policy statement issued by the U.S. Sentencing Commission in imposing sentence. |
| **Final Objections** | The Court having pronounced sentence, does counsel for the defendant or Government have any objections to the sentence or to the manner in which the Court pronounced sentence, other than those previously stated for the record? |
| **Appeal of Sentence** | The defendant has the right of appeal from the judgment and sentence within ten (10) days from this date. Failure to appeal within the ten day period shall be a waiver of your right to appeal. The government may file an appeal from this sentence. The defendant is entitled to assistance of counsel in taking an appeal, and if the defendant is unable to afford a lawyer, one will be provided for you. If the defendant is unable to afford the filing fee, the Clerk of the Court will be directed to accept the Notice of Appeal without such fee. |
| **Instructions to Clerk** | The Clerk is instructed to attach this sentencing statement to the Judgment in a Criminal Case for Revocation of Probation or Supervised Release. |